## Norristown Borough School District v. Hoffman

*High, Dettra & Swartz,* for plaintiff.
*E. Arnold Forrest,* for defendant.

Knight, P. J., July 25, 1935.—This petition for a declaratory judgment, filed by the school district of the Borough of Norristown, prays that the court construe section 6 of the Act of May 29, 1931, P. L. 280, as applied to an agreed statement of facts, and declare whether or not John H. Hoffman, tax collector of the petitioner, is entitled to be paid by it a 2 percent commission on taxes, for which he filed liens, and which were collected by the county commissioners, and turned over to the petitioner. A joinder, duly signed by John H. Hoffman, and annexed to the petition, sets forth that he agrees the factual statement therein is correct, and asks the court to decide the controversy.

The facts agreed upon by the parties are:

1. John H. Hoffman was duly elected tax collector of the Borough of Norristown, and qualified as such, to collect taxes for the petitioner for the years 1926 to 1934, inclusive.

2. By agreement between the parties in 1926, when Hoffman first entered upon the duties of collecting said taxes, the said Hoffman was to receive as his compensation for collecting said taxes a sum of $4,000 per annum and a sum of 5 percent on all delinquent taxes collected.

3. At that time and up until 1931, Hoffman collected all delinquent taxes and received as his compensation the yearly sum of $4,000 and 5 percent on all delinquent taxes received by the petitioner.

4. The same arrangement as to compensation has been continued from year to year by the parties since 1931 up to and including 1934, without either party giving consideration to the Act of May 29, 1931, P. L. 280.

5. Since the passage of said act the said Hoffman has received a 5 percent commission from the petitioner on all delinquent taxes on seated lands collected by him before they were turned over to the county commissioners. He also receives a 5 percent commission on the delinquent per capita taxes which remain with him until collected or exonerated.

6. Since the passage of said act the petitioner has received from the county treasurer unpaid taxes collected by the County Commissioners of Montgomery County, which taxes were turned over to the county commissioners for the purpose of lien by said Hoffman as uncollected.

7. Two percent commission on the taxes so paid by the county treasurer to the petitioner amounts to the sum of $986.86.

8. John H. Hoffman claims he is entitled to the commission of 2 percent under the aforesaid act on these taxes collected by the county commissioners because his compensation is not paid on a salary basis.

9. Petitioner claims he is not entitled to the said commission on the ground his compensation is paid on a salary basis.

10. There is no claim by John H. Hoffman that he is entitled to a 5 percent commission on the delinquent taxes collected through the county commissioners.

11. The parties have agreed the controversy existing between them shall be presented for a declaratory judgment.

The question of law involved is treated in the form of the following

### Discussion

The question thus raised is:

Is the respondent entitled, under section 6 of the Act of May 29, 1931, P. L. 280, to the 2 percent commission therein mentioned?

Section 6 of the act provides:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his accounts. On any unpaid taxes returned to the county commissioners, the tax collector or receiver of

taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district; provided, that, where the tax collector is paid on a salary basis, he shall not be entitled to receive this commission of two per centum (2%)."

It is apparent, from the express provisions of the statute, that the respondent is entitled to receive the 2 percent commission provided he is not paid on a "salary basis." The stipulated facts set forth the respondent receives as his compensation for collecting taxes "a sum of $4,000 per annum and a sum of 5 percent on all delinquent taxes collected." Is this payment of compensation on a salary basis within the meaning of the act?

Salary is defined as a sum of money paid periodically for services: Sharswood, C. J., in Commonwealth, ex rel., v. Butler, 99 Pa. 535, 542 (1882). It is usually a fixed sum and has been so held. It rarely includes "recompense, reward or compensation" in addition to a fixed sum: Retirement of State Employes, 28 Dist. R. 393 (1918), and cases cited. Where compensation of an officer is a fixed sum for a definite period and not a rate of commission, this makes it a salary: Castle v. Lawlor, 47 Conn. 340, 345. A commission means a percentage on price or value: Brennan v. Perry, 7 Phila. 242. "Basis" means the "foundation, or groundwork, of anything; or that upon which it rests": 1 Words and Phrases (3d series) 797, and cases cited.

Does the proviso in section 6 of the act include the case of a tax collector paid on the basis of salary and commission on delinquent taxes collected? This situation is not expressly covered. Where a tax collector is paid only on commissions, it is clear he is entitled to the 2 percent commission for he is definitely not on a salary basis. Where there is only a salary paid, it is equally clear the tax collector is included in the proviso.

Since filing the stipulation of facts, and the oral argu-

ment, counsel for the respondent has asked leave to add the following fact:

"That the cost of the school bond plus the apportioned cost of rent and clerk hire aggregates the sum of approximately $4,000, all of which is borne by the respondent."

There is no formal consent of the petitioner to the filing of this additional stipulation of fact, but its truth is not denied or questioned in the reply brief filed by its counsel.

If the above fact is true, it may well be questioned if the amount paid the respondent can be called a salary at all. It is rather a guaranty against loss in collecting the school tax, and leaves the collector his commission on delinquent taxes as compensation for his services.

Eliminating this additional fact, it seems fair to assume that the parties intended that the collector should receive $4,000 as compensation for collecting the taxes not delinquent, and a 5 percent commission on delinquent taxes.

It is a matter of common knowledge that tax collectors send out the tax bills, but make no further effort to collect the taxes until they become delinquent. Those who pay before the penalty is imposed send or take their taxes to the collector, and his duties are largely a matter of bookkeeping and accounting as to these taxes. When the taxes become delinquent, it then becomes necessary for the collector to make efforts to collect them. For this extra trouble, the school district allowed the 5 percent commission, perhaps the more readily because the 5 percent was in fact paid by the taxpayer and not by the school district.

What effect did the Act of 1931 have upon this contract?

First, it deprived the tax collector of an opportunity of collecting the 5 percent commission on those taxes for which he filed liens. Secondly, it imposed upon him the additional duty of preparing and filing with the com-

missioners a list of taxpayers and the real estate against which the liens were filed.

If the contention of the school district is correct, the collector has his compensation reduced to the extent of his commission on the liens filed, and in addition must prepare and file the liens without any additional recompense.

The act provides that the collector is exonerated upon filing of the lien, and for this benefit his commission, which is usually 5 percent, is reduced to 2 percent. The legislature evidently considered this fair consideration for the work in filing the liens.

The act applies only to delinquent taxes, and the plain intent of the legislature was to provide that a tax collector who was paid on a salary basis should not have his compensation increased because of the legislation. The effect, in the present case, if the school district prevails, would be to decrease the compensation of the collector. If, as has been held, "salary" rarely includes "recompense, reward or compensation," in addition to a fixed sum, it is reasonable to hold that the legislature in using the word "salary," had in mind those cases where the collector was paid a fixed sum for collecting all taxes, whether delinquent or not.

The use of the word "basis" in the act cannot be ignored. If the proviso denied the commission to all tax collectors paid a salary, the case for the school district would be much stronger. When it is remembered that the legislature was dealing only with delinquent taxes, it sounds reasonable to hold that when the word "basis" was used, it applied to the method of compensating the collector for the collection of all taxes, delinquent or otherwise. Hoffman is not paid for collecting delinquent taxes solely on a salary basis.

We still entertain grave doubts as to our authority to enter a declaratory judgment in this case. True, the jurisdiction of the court in rendering declaratory judgments is greatly extended by the Act of 1935, P. L. 72, but this

act declares that when a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. There is a substantial question here if the remedy of the respondent is not a claim before the auditors of the school district, and whether that remedy is not exclusive.

Since neither party has raised the question of jurisdiction, and since both desire a decision on the present petition, we will render this decision without further considering this question.

### Conclusions of law

1. The respondent is entitled to the 2 percent commission provided for in section 6 of the Act of May 29, 1931, P. L. 280.

2. The costs are to be equally divided.

### Order

And now, July 25, 1935, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

The prothonotary will enter the following decree nisi:

1. John H. Hoffman, respondent, is entitled to receive under section 6 of the Act of May 29, 1931, P. L. 280, a 2 percent commission on all delinquent taxes returned by him to the county authorities, and by them collected and turned over to the petitioning school district.

2. The costs shall be paid by the petitioner and respondent, each to pay one half.